Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| SUCESIÓN ISMAEL COSME DOMÍNGUEZ Y OTROS<br><br>Apelantes<br><br>Vs.<br><br>SUCESIÓN ROBERTO COSME AMADOR Y OTROS<br><br>Apelados | KLAN202500158 | *Apelación* procedente del Tribunal de Primera Instancia, Sala de Guaynabo<br><br>Sobre: División o liquidación de la comunidad de bienes hereditarios<br><br>Caso Núm. GB2024CV00299 (202) |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero, el Juez Campos Pérez y el Juez Sánchez Báez.

Rodríguez Casillas, juez ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 14 de octubre de 2025.

Comparece la Sucesión de Ismael Cosme Domínguez ("Sucesión Cosme Domínguez" o "apelantes"), para que revoquemos la *Sentencia* emitida el 9 de enero de 2025, por el Tribunal de Primera Instancia, Sala de Guaynabo ("TPI").[1] El TPI desestimó sin perjuicio la demanda por no poder determinar con certeza a favor y en contra de quién resolvería el asunto.

A la luz del derecho aplicable, procedemos a revocar la *Sentencia* apelada.

**-I-**

El **9 de abril de 2024**, la Sucesión Cosme Domínguez instó una *Demanda* de liquidación de la comunidad de bienes hereditarios contra la Sucesión de Roberto Cosme Amador ("Sucesión Cosme Amador" o "apelados").[2] Los apelantes/Sucesión Cosme Domínguez

---

[1] Notificada el 10 de enero de 2025.
[2] Anejo A de la *Apelación*, a las págs.1-6.

deriva de la **Sucesión de José Cosme Rodríguez** y la **Sucesión de Hermenegilda Domínguez Rosado**.

A su vez, la **Sucesión de José Cosme Rodríguez** está compuesta por **Ismael Cosme Domínguez**, José Cosme Domínguez, Ramón Cosme Domínguez, Cirila Cosme Domínguez, **Dionisio Cosme Domínguez**, Carmen Cosme Domínguez, María Cosme Domínguez, Teresa Cosme Domínguez y **Julio Cosme, también conocido por Julio Cosme Bravo**, en representación de su padre premuerto Jesús Cosme Domínguez.[3]

Por su parte, la **Sucesión de Hermenegilda Domínguez Rosado** está compuesta por **Ismael Cosme Domínguez**, José Cosme Domínguez, Ramón Cosme Domínguez, Cirila Cosme Domínguez, **Dionisio Cosme Domínguez**, Carmen Cosme Domínguez, María Cosme Domínguez, Teresa Cosme Domínguez y **Julio Cosme, también conocido por Julio Cosme Bravo**, en representación de su padre premuerto Jesús Cosme Domínguez.[4]

Surge de la demanda que la Sra. Teresa Cosme Domínguez vendió su participación hereditaria en los caudales indicados a Carmen Cosme Domínguez mediante escritura otorgada ante notario público el 4 de junio de 1974. También surge que el Sr. Ismael Cosme Domínguez adquirió la participación hereditaria del Sr. Dionisio Cosme Domínguez y la Sra. María Cosme Domínguez mediante escritura otorgada ante notario público del 7 de agosto de 1974.  Mientras que el Sr. José Luis Cosme Domínguez le vendió su participación al Sr. Julio Cosme Bravo mediante documento privado el 6 de junio de 2004.

---

[3] Según surge de la Resolución de Declaratoria de Herederos emitida por el Tribunal de Primera Instancia, Sala de Bayamón en el caso número DJV2008-1830(502).

[4] Según surge de la Resolución de Declaratoria de Herederos emitida por el Tribunal Superior de Puerto Rico, Sala de Bayamón en el Caso número 66-2032 el 17 de junio de 1966.

Así las cosas, la parte apelante/Sucesión Cosme Domínguez se encuentra compuesta en la actualidad de la siguiente manera:

a) **Sucesión de Ramón Cosme Domínguez, compuesta por sus herederos:**
   (1) Ramón Cosme Oliveras
   (2) Pura Cosme Oliveras
   (3) Ángel Cosme Oliveras
   (4) Angélica Cosme Oliveras

b) **Sucesión de Cirila Cosme Domínguez, compuesta por sus herederos:**
   (1) Dayanira Guzmán Machuca
   (2) José Axel Guzmán Machuca
   (3) Zamayra Guzmán Machuca
   (4) Annette Machuca Ruiz
   (5) Arnaldo Machuca Ruiz
   (6) Milizsa Machuca Ruiz
   (7) Dorean Karen Machuca Castro
   (8) Merlin Machuca Castro
   (9) Ramfis Gadriel Cardona Machuca
   (10) Griseida Liz Cardona Machuca
   (11) Hilda Liz Machuca Berrío
   (12) Cinthia Machuca

Los caudales hereditarios antes mencionados están compuestos por el siguiente inmueble:

RÚSTICA: Parcela de terreno radicado en el Barrio Santa Rosa término municipal de Guaynabo, compuesta de SIETE CUERDAS en lindes; por el NORTE, en setenta y dos metros con cincuenta y cuatro centímetros con Emiliano Chinea, por el SUR con un camino municipal, por el ESTE, con Aurelio Tió y por el OESTE, con terrenos de finca principal de la cual se segrega propiedad del señor Ramón Cosme Domínguez.

Inscrita al folio ochenta y ocho (88) del tomo ochenta y ocho, finca número ocho mil setecientos cuarenta y tres (8743), Registro de la propiedad de Guaynabo.

Según las constancias del Registro, fue segregada de esta finca una parcela de 5 Cuerdas, que en unión a otra pasó a formar la número 10,338 al folio 72, Tomo 130 de Guaynabo, inscrita a favor de Ramón Cosme.

Además, fue segregada de esta finca una parcela compuesta de UNA CUERDA, inscrita al Folio 240 del tomo 262 de Guaynabo, finca número 15,756.

Esta quedó reducida a UNA CUERDA.
Enclava estructura de hormigón y bloque dedicada a vivienda

En apretada síntesis, la parte apelante/Sucesión Cosme Domínguez expresó que era su deseo poner fin al estado de

indivisión en que se encuentran las sucesiones por lo que incoaron el caso BY2020CV00559. Allí, se notificó la Sentencia del 19 de febrero de 2021 que ordenó la segregación y adjudicación de seis (6) solares del inmueble antes descrito y, entonces, perteneciente a las sucesiones de: **José Cosme Rodríguez** y **Hermenegilda Domínguez Rosado**.[5] No obstante, el 4 de agosto de 2020, el Sr. Ismael Cosme Domínguez falleció,[6] sin que fuera sustituido, por lo que 24 de enero de 2022 se solicitó su sustitución por sus herederos.[7] El 27 de enero de 2022 el TPI aceptó la sustitución.[8]

De igual forma, el Sr. Roberto Cosme Amador, hijo de Dionisio Cosme Domínguez, falleció el 6 de enero de 2022. De otro lado, el Sr. Julio Cosme Bravo falleció el 30 de noviembre de 2022, sin que fueran sustituidos. Por lo que el 12 de diciembre de 2023 se solicitó la sustitución de los señores Roberto Cosme Amador y Julio Cosme Bravo. Se indicó que los herederos del Sr. Ismael Cosme Domínguez fueron sustituidos en el pleito, pero esto no ocurrió con los herederos del Sr. Roberto Cosme Amador y del Sr. Julio Cosme Bravo que no aceptan someterse de manera voluntaria a la jurisdicción del TPI. Razón por la cual, se solicitó enmendar la demanda y la sustitución de parte provista, tanto en la Regla 13.1 como en la 22.1(b) de Procedimiento Civil,[9] en el caso citado BY2020CV00559.[10] El 19 de diciembre de 2023, el TPI notificó lo siguiente: "No ha lugar. El presente caso tiene sentencia, por lo que no procede la presentación de una demanda enmendada".[11]

---

[5] Anejo J de la *Apelación*, a las págs.51-58.
[6] Dejó como descendientes a sus hijas Nélida Cosme Carrasquillo y Carmen Gilda Cosme Chinea; sus nietos: José Alberto Cosme Castro y Francisco Cosme Castro, hijos de su hijo premuerto Ismael Albert Cosme Chinea y sus bisnietos: Adriana Giselle Cosme Padua, Diana Sofía Cosme Padua e Ismael Andrés Cosme Padua, hijos de su hijo premuerto estos últimos representados por su madre con patria potestad Tania Padua.
[7] Anejo K de la *Apelación*, a las págs. 59-61.
[8] Anejo L de la *Apelación*, a la pág. 62.
[9] 32 LPRA Ap. V., R. 13.1 y 22.1(b).
[10] Anejo B de la *Apelación*, a las págs. 45-47.
[11] Anejo C de la *Apelación*, a la pág. 48.

El **9 de enero de 2025**, el TPI emitió la *Sentencia* apelada en la cual desestimó sin perjuicio la causa de acción de epígrafe.[12] Razonó que surgían serias inconsistencias entre las partes según descritas en el epígrafe y las partes según las alegaciones. De manera que, no pudo determinar con certeza a favor y en contra de quién resolvería el asunto. Tampoco le quedó claro qué es lo que realmente se solicita en la demanda. Esto es, para el TPI, parecería ser una ejecución de sentencia y una partición de herencia sin probar que las partes son realmente herederos. De igual forma, expresó que no le quedó claro qué bienes se pretenden segregar. Por todo esto, el TPI desestimó sin perjuicio la demanda.

En desacuerdo, la Sucesión Cosme Domínguez acudió ante nos en el recurso de apelación y planteó la comisión del siguiente error:

> INCIDIÓ EL TRIBUNAL DE PRIMERA INSTANCIA, SALA DE GUAYNABO, AL DICTAR SENTENCIA DESESTIMANDO LA DEMANDA RADICADA BAJO EL CASO NÚMERO GB2024CV00299 POR INSUFICIENCIA DE LAS ALEGACIONES.

Procedemos a disponer del recurso ante nuestra consideración.

### -II-

### -A-

Es conocido que las alegaciones de una demanda tienen como propósito bosquejar o notificar a grandes rasgos cuáles son las reclamaciones y las defensas de las partes. En ese sentido, la Regla 6.1 de Procedimiento Civil dispone que una alegación que exponga una solicitud de remedio debe contener "una relación sucinta y sencilla de los hechos demostrativos de que la parte peticionaria tiene derecho a un remedio".[13]

---

[12] Anejo G de la *Apelación*, a las págs. 17-26.
[13] Reglas de Procedimiento Civil 2009, 32 LPRA Ap. V., R. 6.1. *Énfasis nuestro.*

El Tribunal Supremo de Puerto Rico ha determinado que al amparo de la Regla 6.1 de Procedimiento Civil, "no tienen que exponerse detalladamente en la demanda todos los hechos que dan base a la reclamación".[14] "[A] la parte que persigue un remedio solo se le requiere presentar en su alegación una reclamación redactada de forma general".[15]

También, se ha dicho que la citada Regla 6.1 de Procedimiento Civil, lo siguiente:

> La R. 6.1, 2009, al igual que su equivalente federal, impone al demandante una obligación relativamente leniente. Un demandante cumple con la exigencia de la [Regla 6.1] al notificar al demandado de su reclamación y del remedio de tal modo que permita al demandado formular una contestación. [...] No obstante, si bien el deber que se le exige al demandante es bastante liberal y se le requiere brevedad en su exposición, la alegación debe aún contener la suficiencia fáctica que se necesita para que el demandado reciba una adecuada notificación sobre lo que se le reclama y la base que la sustenta.[16]

Por lo tanto, la información contenida en una demanda "debe estar a tono con los requisitos mínimos de notificación según requiere el debido proceso de ley".[17]

**-B-**

Estamos conscientes que un tribunal revisor no debe sustituir su criterio por el del foro de instancia, salvo cuando estén presentes circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto.[18]

La citada norma de deferencia también es aplicable a las *decisiones discrecionales* de los tribunales de instancia. En cuanto a este particular, nuestro Alto Foro ha expresado lo siguiente:

> *No hemos de interferir con los tribunales de instancia en el ejercicio de sus facultades discrecionales, excepto en aquellas situaciones en que se demuestre que este último **(1)** actuó con prejuicio o parcialidad, **(2)** incurrió en un craso abuso de*

---

[14] *León Torres v. Rivera Lebrón,* 204 DPR 20, 40 (2020).
[15] J. A. Echevarría Vargas, *Procedimiento civil puertorriqueño,* 3ª ed. rev., Bogotá, Ed. Nomos S.A., 2023, pág. 95.
[16] R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho procesal civil,* 6ª ed. rev., San Juan, Ed. LexisNexis de Puerto Rico, 2017, pág. 287.
[17] *León Torres v. Rivera Lebrón, supra,* pág. 40.
[18] *Coop. Seguros Múltiples de PR v. Lugo,* 136 DPR 203, 208 (1994).

*discreción, o **(3)** se equivocó en la interpretación o aplicación
de cualquier norma procesal o de derecho sustantivo.*[19]

Lo importante al momento de ejercer la función revisora es determinar cuándo un tribunal ha abusado de su discreción, ello, no constituye una tarea fácil.[20]

Por lo tanto, para realizarla adecuadamente nuestro Tribunal Supremo nos ha indicado que el adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad.[21]

**-III-**

En síntesis, la parte apelante nos plantea que el TPI erró al dictar desestimar *motu proprio* sin perjuicio la acción instada. Sostiene que, contrario al raciocinio del foro apelado, la Sucesión Cosme Domínguez satisfizo su obligación de exponer un reclamo plausible sobre la necesidad de traer al proceso de partición a todos los herederos. En particular los herederos de los codemandados en el caso BY2020CV00559 que fallecieron después de dictada la *Sentencia* en dicho caso. Sostiene la sucesión apelante que el TPI debió tener la certeza de que estos no tenían ningún remedio bajo cualquier estado de hechos que puedan ser probados en apoyo de sus alegaciones. Por ello estiman que la desestimación, aun sin perjuicio, fue muy prematura para determinar con certeza que la parte apelante no tenían derecho a remedio alguno. Tienen razón.

Contrario a lo señalado por el TPI, una lectura detenida del expediente demuestra que no existe inconsistencias entre las partes descritas en el epígrafe ni de las partes según las alegaciones. La Sucesión Cosme Domínguez perdió a tres miembros de la sucesión: al Sr. Ismael Cosme Domínguez, al Sr. Roberto Cosme Amador y al Sr. Julio Cosme Bravo. Todos fallecieron y se intentó sustituirlos

---

[19] *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).
[20] *Íd.*
[21] *Íd.*

luego de que se dictara la Sentencia en el caso BY2020CV00559. Los herederos del Sr. Ismael Cosme Domínguez fueron sustituidos y se sometieron a la jurisdicción del tribunal. No obstante, los herederos de los señores Roberto Cosme Amador y Julio Cosme Bravo no aceptan someterse a la jurisdicción del tribunal.

Por lo cual, la Sucesión Cosme Domínguez le solicita al TPI que les ordene a los herederos apelados que comparezcan y firmen la escritura de segregación y adjudicación otorgada en el caso BY2020CV00559. En caso de que los herederos apelados no comparezcan, la Sucesión Cosme Domínguez solicita que un Alguacil del Tribunal General de Justicia del Estado Libre Asociado de Puerto Rico firme a nombre de ellos. De esta forma, los apelantes podrían acabar la indivisión que les agravia. En cuando al bien que se pretende segregar, queda claro de la Sentencia emitida en el caso BY2020CV00559 los detalles y pormenores sobre el bien en disputa. Ante este cuadro, no vemos por qué el TPI tendría que desestimar la demanda de epígrafe. Somos del criterio que el caso está listo para ser atendido por el foro de instancia.

**-IV-**

Cónsono con lo anterior, procedemos a **revocar** la *Sentencia* apelada y ordenar la continuación de los procesos conforme a la presente determinación.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones